No. 6, 3-0, John Zafilippo v. Elisa Garcia Zavedra Counsel, you may proceed. Good morning, may I please report? Counsel? My name is David Vanolup, and I represent the respondent of Health in this matter, John B. Zavedra. The issue before this honorable court today is a narrow issue. Whether the commission's decision that the petitioner suffered an accident arriving out of and in the course of her employment with the respondent on October 9, 2013 was against the manifest way to the evidence. More specifically, the issue in this case is whether the decision of the commission that an accident occurred on October 9, 2013, whether that decision can stand or not only do the medical records and evidence wholly fail to support such a finding, but the petitioner herself testified that her alleged injury occurred on a completely different day more than a month later. The claim of injury in this case is that a repetitive trauma injury to the petitioner's right shoulder. Although the nature of repetitive trauma injuries is that they occur gradually over time, the petitioner nevertheless bears the burden of proving by a preponderance of the evidence a specific identifiable accident date when the injury occurred or manifested itself. The petitioner fled October 9, 2013, alleging the right shoulder condition could have manifested on that date as a result of housekeeping duty she had been performing for the respondent for years. Although the nature of those specific housekeeping duties is in dispute, the commission ultimately found the petitioner's testimony and her description of the work performed to be credible, such as the justified finding that those duties related to a condition which manifested contemporaneously to her performance of those duties. All right. I think to cut to the chase, I think a fair reading of the transcript and the record would indicate there was some inconsistency in her testimony. However, how do you answer this? The commission noted the claimant's testimony regarding the onset of her shoulder pain during the performance of her housekeeping duties, she testified, before she was transferred to the BAC's assembly job. So housekeeping cleaning duties, or didn't she basically say that happened before? She did not. The medical records don't support that. The petitioner specifically testified that she believed that her injury occurred on November 21, 2013. But she also said before she was transferred to the BAC's assembly job. Didn't she testify to that? The petitioner also cannot testify exactly when she was transferred to the BAC's assembly job. The medical records also don't support that a right shoulder condition actually manifested prior to her transfer to the BAC's assembly job sometime in mid-October. The only record that makes any sort of mention of her right shoulder is the October 19, 2013 medical record, where reading right shoulder as an injury into that record is a bit of a stretch. That record, the petitioner simply describes it as an angel of her entire body, not starting with the backs of her legs, going to her upper and lower back, and adding in both shoulders and arms. Well, the credibility of the witness is in the way to be given to the testimony. I'm not saying the commission would have cherry-picked her testimony, but they do have the right to do that, don't they? I don't believe so. Particularly in this case where there were specific findings made, it's the credibility of the petitioner versus other witnesses present. So the commission found her to be uncredible, you're telling us? No, the commission chose to adopt the petitioner description of her job news and then completely disregarded her specific testimony as to the date that her accident occurred. She denied that she believed to have a work-related condition on October 9, 2013 when she saw her doctor, and she specifically testified that she believed that her injury occurred on November 21, 2013. The medical records support her testimony. There's nothing to indicate that a specific right shoulder injury occurred on October 9, 2013, and the entirety of the medical records other than that single office visit, which includes both shoulders and arms, point to either October 22, 2013, or consistent October 21, 2013. Okay, how do you respond to that? The claimant was otherwise consistent in stating her right shoulder injury occurred as a result of her cleaning duties, which admittedly, I think you'd admit, ended in mid-October, so isn't that before November? That is before November, and that's part of the issue with the finding of the commission, is that the claimant's testimony that her condition began contemporaneous with her performing her cleaning duties is at odds with her testimony that her injury occurred November 21, 2013. If that wasn't the commission's finding, we'd be here on a different issue. The finding of the commission that she actually proved that an accident occurred on October 9, 2013 is completely unsupported by the evidence on the record. Other than her testimony which says it happened while she was doing her cleaning duties? That can just as easily relate to October 22, 2013. That was the date that was initially identified by Dr. Levi and by ATI Physical Therapy in their records up until July. Yeah, but you're talking about November 21. That would be inconsistent with it occurring on November 21, wouldn't it? It would be inconsistent with it occurring on November 21. Whether it's November 21 or October 22, both of those dates are specifically referenced consistently and repeatedly throughout the medical records. The only date that has no such support in either the specific testimony of the commissioner or the remaining medical records is this October 9, 2013. And while there is mention of her jogging and there is mention among the entirety of her body and ostensibly of the right shoulder, there's follow-up visits in October 23, 2013, October 31, 2013, where she makes no mention of shoulder pain whatsoever. Dr. Cohen examined her on October 9, correct? Correct. His records show she complained of shoulder pain then. Her shoulder was among the entirety of the complaints that she had when she showed up with Dr. Cohen on that date. And didn't he provide her with work restrictions notes? Not on that date, no. Okay. When did he give her the note? The note was given on October 23, 2013 and related to her legs. Okay. Because of the only complaints she had on October 23, 2013, there was no reference to any ongoing shoulder pain or condition. And who's Dr. Barry? Dr. Aaron Barry. And what's his connection to the case? He was a respondent, retained Section 12 examiner. He said Clayman first experienced right shoulder pain after she was cleaning walls for the employee. Correct? For the employer. Dr. Barry actually testified in his deposition that she was very unclear as to the onset of her symptoms. She told him that it was October 22, 2013, and he confronted her through her daughter as a translator, showing the medical records on the case of November 21, 2013. And Dr. Levi's records noted that Clayman reported that her shoulder pain began in October 2013 after cleaning his records. So don't his records sort of help her? No. That specific visit does identify the day of injury as October 22, 2013, separate from his history of receiving the patient. And then his records actually changed course in July of 2014 and switched the accident date from October 22, 2013 to November 21, 2013. All right. So how would you summarize your argument is that the evidence doesn't support the commission's finding? Is that generally what you're saying? Generally and specifically, yes, that the evidence on the record fails to provide sufficient support for the finding of an accident date of October 9, 2013. And as such, the commission's decision that an accident did occur on that date is against the manifest way of the evidence, should be reversed, and all words stemming from that finding should be vacated. Are there any questions? I don't believe there are. Thank you, counsel. You have time and reply. Good morning. Please report, counsel. Martin Cucci on behalf of the petitioner Alicia Garcia. Clear, plain, indisputable evidence compelling the opposite conclusion is nowhere near this case. Well, he's saying the commission went off on a complete tangent. They made findings that were totally inconsistent with the evidence. There's a lot of reasons why that's just not true. I mean, I've heard of the other cases before this where we had some interesting legal arguments, such as the legal duty to do a job search and what does earning capacity mean. In this case, we're talking about facts. What kind of payment you have, what does she do her work, when did it start? Facts, which are in the process of the commission determining weight and credibility of the evidence. Resolve conflicts. These are all within the promise of the commission. There's nothing here that would suggest that they made the wrong decision. This is an interesting case because in repetitive trauma cases, we can probably go through most of my cases and find four, several different manifestation dates that would be legally appropriate dates of accident. In other words, we can choose the last day of work, first day of treatment. Any number of factors can arrive us, bring us to an appropriate date of accident. I think this case is ironic because in this case, the manifestation date is more clear than most cases in my view. Why do I say that? It's because on October 9, 2015, the date we chose, not only was it her first day of treatment, where she does complain of shoulder pain, not reading shoulder pain into the record as was suggested, we're just reading the record because it used to be shoulder pain. And on that day, not only does the petitioner complain of shoulder pain, but it's even more specific than that. It says, works in her housekeeping. Reaching above her head and squatting caused her to have pain in her back and shoulders and other areas. So it's a perfect manifestation. It's the easiest date to choose, more easy than in many cases. Well, then where did the date of November 21st come from? November 21st is when her pain works. She gives that date as a date where her pain was worsening from doing the box job. But the fact that her pain starts on October 9, 2013, never goes away, there's no indication in any of those subsequent records that her pain stopped. The fact that it worsens after it starts doesn't remove October 9. That's the date at the most appropriate accident date. That's when it started. That's when her first history comes in. So November 21st was when she started with the box assembly work? Well, she started before that, but that's a date when her and her employer have a discussion that her symptoms are worsening and they send her over to the doctor. So it's a worsening of her symptoms that never went away once they started. The other thing is, he mentions that she said in a kind of ambiguous way, based on this question, that she didn't know it was from work on October 9, 2013. But what he fails to point out is what she said just after that, which is that on that day, this is her testimony now, she went to her doctor, they discussed her job duties of housekeeping, nothing else, and that he told her, she says, that the job is causing her pain. So manifestation date, repetitive trauma case, what's the date that a reasonable person can conclude that the duties are causing her pain? How about the date when she's in her doctor's office discussing the duties and he says it's causing her pain? In my office we call this silver platter manifestation. It's obvious. Okay, it's obvious. Silver platter, is that in the case law? No, it's not. It's an interline benefit. Are you suggesting we adopt that? No, I consider this, as I said, it's kind of ironic because we're arguing about manifestation date in a case that has the most obvious facts, in my view. He mentions in his brief and in his argument that she said her injury occurred on November 21. She didn't say that she never had shoulder pain before November 21. He asked her in a leading question, which is fine, did your injury occur on November 21, and she said yes. Okay, so we're relying on that petitioner to determine when the injury occurred in a repetitive trauma case when two educated lawyers came in and agreed on it. Well, that would certainly be irrelevant in her testimony, wouldn't it? No, I don't think so because of the complications of when your injury occurred. A better question, a more interesting conversation, might be if she said my shoulder pain started on November 21, or if he got some kind of concession out of her that she hadn't had pain before, but none of that exists. In all of that, even if she had said that years after all the starting, even if she did say it, that's contrary to what it states in the record. And if we had to have that discussion, which we don't, we would probably think that what she said on October 9, 2013, in the record, is probably more reliable anyway. Well, we don't know what her interpretation of injury is. We don't? We had a president who did that once. What the interpretation of injury is, what the word, what this is mean, I guess. This is being recorded, you know. Well, it's a fact. The overwhelming evidence, also you mentioned all the other doctors. It's true. Every other doctor she goes to, Levy is the treating orthopedic doctor. He says it started when she was doing her housecleaning injuries in October. Dr. Baird, their doctor, same history. Who cares? You're spending too much time, in my opinion, on whether it's October 21 or October 9, the point that's overwhelmingly clear is that the evidence shows her pain started when doing her housecleaning injuries. So then how do we arrive at the accident date? We look at the records, and based on what I've already described, October 9 is the obvious date. Based on both what it says in there and based on what she testified they spoke about. Both of those things lead to the same conclusion, without reading into it, that on October 9, her doctor discussed her job use, overhead work, and that's the cause of her pain. Never after that, even if she goes in and out of it, it's only complaining of back pain, never after that is there any indication that her shoulder pain stopped before it got worse. What the respondent is asking you to do is not only to say that the accident date was wrong, but they're asking you to do more than that. They're asking you to say that the date that the commission affirmed is not even a permissible instance. On a case that we're arguing facts, we don't know where it goes to. Thank you. Thank you, counsel. Counsel, you may reply. Thank you. Just a couple of things. I respectfully reject opposing counsel's convention that manifestation date is some sort of fluid concept that is picked out of a random collection of dates possible. The case law is clear that even in cases of repetitive trauma, the employee must prove a precise identifiable date when the accidental injury manifested itself. It's not taking just random dates and picking which ones suit your purpose. There is a requirement that they need to prove a specific date. But what about his point that may have some intuitive appeal where he says, hey, she's not a lawyer. She can tell you when she was injured. She can tell you when she felt pain. She can tell you things like that. But she can't tell you what a manifestation date is. That's not within her, you know, sphere of expertise. She's not a lawyer. She's not a lawyer. She was represented by a lawyer at trial. She was never addressed on redirect after the testimony was given on cross-manifestation. Her testimony that she believed November 21, 2013 was a date of her injury went wholly unrebutted through the remainder of the testimony on cross-redirect or redirect. But nevertheless, there is, quote, unquote, some evidence in the record that she was feeling pain during the housecleaning duties. However, you try and minimize it before November 21, correct? I don't believe that the evidence says that. She never testified she felt pain before November 21? Oh, she did. She did. That's what I'm asking. She said she felt pain before November 21 in the medical record. It says she'd been having pain for years. Okay. And that's not on the manifestation date as it's required by the law. The case law is clear that she bears the same standard of proof of a single identifiable accident date. It's not a question of whether or not a permissible inference needs to be made in this case, as the opposing counsel points out, because the evidence is clear that there are specific dates that not only fail to corroborate the allegation of October 9, 2013, but contradict that as the manifestation date, whether they are referenced at other dates when the injury presented itself in the medical records or petitioner's testimony or the complete absence of any specific reference to the right shoulder on October 9, 2013 or the shoulder, either shoulder in general for the subsequent office visits prior to her changing position. For those reasons, we ask that the decision be made in your favor. Thank you, counsel. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement and written disposition.